## P. LORILLARD CO. v. WEINGARDEN.

(District Court, W. D. New York. March 15, 1922.)

No. 369–B.

1. **Injunction** ⬅147—Granted pendente lite, when plaintiff made prima facie case of right thereto and irreparable damage, notwithstanding counter affidavits.

Where plaintiff showed prima facie that it sold cigarettes to a third party, and the third party sold them to defendant with the understanding that they were not to be resold in the United States, and that because of their inferior grade irreparable damage would result to plaintiff's business from their resale in the United States, an injunction pendente lite, maintaining the status quo until final hearing, will be granted, though defendant's affidavits show that it purchased without notice of such restriction, as any damages resulting to defendant from the injunction may be ascertained and measured.

2. **Injunction** ⬅61(1)—Restrictions on resale enforced, if reasonable and within proper limitations.

A court of equity will enforce a restrictive covenant by a buyer of goods concerning their resale, if it is reasonable and made within proper limitations.

In Equity. Suit by the P. Lorillard Company against Max Weingarden. On motion for a preliminary injunction. Preliminary injunction granted on conditions.

Simon Fleischmann, of Buffalo, N. Y. (Stroock & Stroock, of New York City, of counsel), for complainant.

Penney, Killeen & Nye, of Buffalo, N. Y. (John A. Kelly, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. A brief statement of the claims of the parties arising from conflicting versions will suffice for the purpose. of the decision that it is thought proper to make herein. The plaintiff

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

corporation seeks to enjoin the defendant from selling a large quantity of "Helmar" cigarettes, or portions thereof, for use in the United States, in violation of a sales agreement between it and the Volga Engineering & Trading Company, Inc. (hereinafter called Volga Company), which later on sold the identical cigarettes to the defendant, subject to the agreement, as the bill alleges, that they were not to be sold for consumption in the United States, but were to be promptly exported to a foreign country and sold there. The ex parte affidavits of plaintiff establish that the Volga Company unquestionably purchased the cigarettes on about March 23, 1921, with the direct understanding that they were sold for export only, and were not to be resold for use in the United States, and, moreover, that they were resold by the Volga Company on or about June 18, 1921, to defendant under restriction as to sales is testified by one Kwasha, president of the Volga Company, who is claimed to be corroborated inferentially by various of plaintiff's affidavits.

The defendant denies that he bought the cigarettes under any restrictive covenant as to resale by him, and disclaims being aware of any understanding with relation thereto between plaintiff and the Volga Company, and indeed, on the contrary, asserts that he bought the cigarettes without anything being said as to any restriction on resale, except that he was told that they were shipped to Copenhagen for the express purpose of enabling plaintiff, or the Volga Company, to avail itself of the right to have remitted the internal revenue taxes that had been paid for the government stamps upon the individual packages, and that shipment to a foreign port was required to procure remission or draw back. He is claimed to be corroborated by the witnesses Bondy, who acted as his counsel in the negotiations for the purchase of the cigarettes, and Solomon, who was his broker, both of whom testify that the cigarettes were sold without any restrictions as to resale, or as to the right to bring them back to the United States for consumption; both testifying to their understanding that the goods were exported merely to obtain a landing certificate and to procure a drawback of revenue taxes. There are other affidavits for defendant which appear to inferentially support the claim that the purchase was made, unaccompanied by any restrictive agreement as to reimportation and resales in the United States. Letters, too, are in evidence passing between defendant and the Volga Company, and other letters and replies thereto, from which conflicting inferences may be drawn.

Plaintiff's claim is that its only purpose in selling the cigarettes was that they had become dry, stale, and inferior, and were not up to the standard of the Helmar brand sold by it in the markets of the United States; that because of their deteriorated condition it sold them under restriction as to place of sale at the price of only 7 cents per thousand, excluding the drawback of $3 per thousand, which would be paid on receiving a landing certificate of the arrival of the cigarettes in a foreign country. The export price for cigarettes in good condition was $7.65 per thousand, and for domestic trade $10.14 per thousand. The defendant paid the Volga Company $1.75 per thousand, or a total of $20,791.45. One million of the cigarettes have been imported into

this country by defendant, and he had advertised them and other Helmar cigarettes (about 10,000,000 in number) which are still in Copenhagen, and which he threatens to bring back for sale in the United States at a lower price than the price at which such brand of cigarettes is sold by the plaintiff. The defendant also has introduced ex parte testimony tending to show that cigarettes contained in packages brought back from overseas are not deteriorated, but only a little dry, and that many smokers prefer cigarettes of that character.

[1] Considering all the testimony of the defendant, there are nevertheless certain inferences to be drawn from plaintiff's affidavits which to my mind create a probability that it may succeed on the final hearing. Even though the denials of defendant may be thought to outweigh affirmative assertions with respect to his knowledge as to restriction on sales, I think that plaintiff's prima facie case and the undoubted injury to its business in the United States that may result from the sale of the cigarettes, assuming them to be of inferior grade, warrants the issuance of an injunction pendente lite. The argument of counsel, together with the complete briefs filed, indicate not only the necessity of determining conflicting evidence as to essential matters, but important questions of law are also involved which require careful consideration, it seems to me, and accordingly a maintenance of the status quo until final hearing can be had. It is peculiarly a case that should not be determined on its merits until the ex parte affiants are examined and cross-examined.

[2] Defendant insists that the injunction should not issue, even though he knew of the restrictive agreement between it and the Volga Company; that the agreement was in restraint of trade; that a case of unfair competition is not made out; that the complainant comes into court with unclean hands. But all these questions in the main may be reserved to the trial, except that it may be stated that I am fairly satisfied that a court of equity will enforce a restrictive covenant, if it is reasonable and made within proper limitations. There does not seem to me to be anything unreasonable in the reservations under consideration.

To enjoin the defendant from reimporting the cigarettes and selling them in the United States may, it is true, also be of great damage to him. If he purchased them without any covenant of restrictive sale or reasonable notice thereof, then his disposal of them should not be hindered or delayed to his detriment. But any damages that may result to him by reason of the preliminary injunction may, I think, be ascertained and measured while on the other hand the damages and injury to plaintiff from violation of the covenant may be irreparable. Hence, without deeming it necessary to further or more fully pass upon the various questions of law submitted in the briefs, I determine and decide that a preliminary injunction issue only upon plaintiff filing an undertaking or bond conditional to fully indemnify the defendant for the costs and damages that he may sustain by reason of the restraining order entered herein.

So ordered.